# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAY CUNNINGHAM, Personal Representative of the ESTATE OF MICHAEL GALINDO, Deceased, | Case No. 4:18CV3012 |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| BRAD HANDSEN, in his official and individual capacities; SCOTT FRAKES, in his official and individual capacities; DOES 1 – 10, in their official and individual capacities; and STATE OF NEBRASKA, | |
| Defendants. | |

Upon review of the parties' Joint Motion for Protective Order (Filing No. 28) and proposed Stipulated Protective Order emails to chambers,

**IT IS ORDERED** that the Joint Motion for Protective Order (Filing No. 28) is granted. Pursuant to Fed. R. Civ. P. 26(c), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive and transmit confidential rules, regulations, policies, reports and/or documents of the Nebraska Department of Correctional Services including but not limited to: administrative regulations, operational memorandums, post orders, photographs, incident reports, inmate files, inmate misconduct reports, and/or email communications, to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, confidential rules, regulations, and policies include, but are not limited to, those rules, regulations, and policies which are not available to the inmate population at the Nebraska Department of Correctional Services.

3. The parties and their attorneys are not permitted to disclose the above-described documents to any inmate in the custody of the Nebraska Department of Correctional Services.

4. The parties' attorneys shall be permitted to use or disclose discovery obtained in this case for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, deponents, non-inmate witnesses, and other entities or persons involved in the litigation process.

5. Prior to disclosing the above-described documents to persons involved in this litigation, counsel shall inform each such person that the information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the above-described documents do not use or disclose such information for any purpose other than this litigation and to ensure that the contents of the documents and/or items are not revealed to any person not already subject to the terms of this Order.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of confidential rules, regulations, and policies received from counsel pursuant to paragraph four of this Order, shall return such documents and/or items to counsel for the Defendants or destroy any and all copies, except that counsel are not required to secure the return or destruction of such information submitted to the court. In the alternative, counsel shall protect the confidentiality of the documents for so long as they are retained by counsel or maintained in the Nebraska State Archives, and shall limit further uses and disclosures of confidential information as required by this Order.

7. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file documents and/or items under seal.

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the Court finds good cause for the issuance of a protective order and ORDERS as follows:

8. The parties and their attorneys are hereby authorized to receive and transmit documents and/or other items to the extent and subject to the conditions outlined herein.

9. For the purposes of this qualified protective order, confidential rules, regulations, and policies include, but are not limited to, those rules, regulations, and policies which are not available to the inmate population at the Nebraska Department of Correctional Services.

10. This authorization does not govern trial or other legal proceedings. The parties shall address the court at a later date on appropriate procedures for trial and other legal proceedings.

11. The provisions of this order shall remain in full force and effect until further order of this Court.

Dated this 25th day of September, 2018.

BY THE COURT:

*s/ Michael D. Nelson*
United States Magistrate Judge